IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SHAUNA PEARLINE LADNER,
EXECUTRIX OF THE ESTATE OF MICAH
OWEN LADNER, DECEASED, AND AS A WRONGFUL
DEATH BENEFICIARY AND ON BEHALF OF THE
MINOR CHILDREN WRONGFUL DEATH BENEFICIARIES,
S.L AND O.L                                                                      PLAINTIFF

v.                                                             CAUSE NO:  1:24cv259 LG-BWR

THE KANSAS CITY SOUTHERN RAILWAY
COMPANY                                                                         DEFENDANT

_____

COMPLAINT
(JURY TRIAL DEMANDED)

_____

Comes now the Plaintiff, Shauna Pearline Ladner ("Shauna"), Executrix of the

Estate of Micah Owen Ladner and as a Wrongful Death Beneficiary and on behalf of the

minor children as Wrongful Death Beneficiaries of Micah Owen Ladner, Deceased, files

this Complaint against the Defendant, The Kansas City Southern Railway Company, and

in support would show the following:

I.

The Plaintiff, Shauna Pearline Ladner ("Shauna"), is an adult resident citizen of

Stone County, Mississippi, and is the appointed Executrix of the Estate of her husband

Micah Owen Ladner ("Micah").  This action is instituted on behalf of the Estate and all

Wrongful Death Beneficiaries identified herein as Shauna Pearline Ladner, an adult, S. L,

a minor, and O.L., a minor.

1

II.

The Defendant, The Kansas City Southern Railway Company ("Kansas City"), is a foreign corporation organized and existing under the laws of the state of Missouri with its principal office located at 427 W. 12th Street, Kansas City, Missouri 64105.  Kansas City can be served with process through its registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. Kansas City operates on various tracks located in the Southern District of Mississippi, Southern Division.

III.

This Court has proper subject matter jurisdiction and proper *in personam* jurisdiction. Pursuant to 28 U.S.C. § 1332 there is complete diversity of citizenship between the Plaintiff and Defendant, Kansas City. Further, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**IV.**

Venue in this cause is proper in this Court pursuant to 28 U.S.C. § 1391(d). Kansas City is subject to personal jurisdiction in the Southern District, Southern Division of Mississippi.

**FACTS**

V.

On or about December 6, 2023, Kansas City was operating its locomotives on various tracks located or situated in certain counties and divisions in the state of Mississippi including but not limited to Harrison County, Mississippi, Stone County,

Mississippi and Forrest County, Mississippi.  On December 6, 2023, Micah was operating

his truck and trailer on Fruitland Park Road headed to his place of business.  Micah was

operating his truck and trailer in a prudent and careful manner and was attempting to

traverse the railroad track on Fruitland Park Road when, without the required statutory

warning or signal, the Kansas City locomotive violently collided with Micah's truck and

trailer resulting in the untimely death of Micah.

## VI.

At all times material, Kansas City was under a duty to keep a lookout for Micah

and others utilizing the subject railroad track and to exercise reasonable care in the safe

operation of its system to avoid creating a dangerous or ultrahazardous situation for its

invitee, like Micah. As a result of the dangerous condition created by Kansas City on

December 6, 2023, Micah could not safely extricate himself from his truck or employ

evasive moves to avoid the speeding train thereby resulting in a massive impact and his

violent death.

## VII.

Kansas City, by and through its employees, engineer(s) and agents, was negligent

in the operation of its locomotive in the following respects:

(a)     By negligently failing to properly warn of the train's approach to the

subject crossing.

(b)     By negligently operating its locomotive engine at an excessive,

unreasonable, and imprudent rate of speed for the conditions then existing.

Kansas City, on December 6, 2023, and prior thereto, historically operated

its locomotive engines at an excessive and unreasonable rate of speed while traversing the subject track without regard to the safety of the traveling public.

(c)    By negligently failing to train its employees, including engineers, in the operation of its locomotive when it knew or should have known that the employees were either not sufficiently trained or the employees/engineer, was preoccupied with certain work unrelated to the operation of the locomotive with created a distraction such that the employee/engineer failed to see the truck and trailer Micah was operating.

(d)    In negligently violating the laws of the State of Mississippi governing operation of the locomotive.

(e)    In negligently failing to have in position at the subject crossing either a warning signal, warning lights or cross-arms to protect both personal and commercial vehicles as those vehicles approached and traveled upon the track identified herein.

(f)    In negligently failing to pursue through Stone County or Forrest County and the Mississippi State Highway Department the construction of protective devices at  the subject railroad crossing as provided for  Miss. Code Ann. § 65-1-70.

(g)    In negligently failing to erect railroad crossbuck(s) as provided for in Miss. Code Ann. § 77-9-247.

(h)     In negligently failing to adhere to Federal law that requires any train

operating faster than 30 miles per hour to have an in-service event

recorder, 49 C.F.R. § 229.135 (2005) or negligently or intentionally

destroying or discarding the data from the in service event recorder related

to the subject train collision.

## VIII.

As a proximate result of the negligence of Kansas City, including its engineer(s)/

employees, the wrongful death beneficiaries of Micah have suffered the loss of

association of their husband and father and related damages occasioned by his wrongful

death, including but not limited to, loss of companionship, pain, suffering, mental and

emotional anguish and burial expenses.  Furthermore, the death of Micah resulted in a

significant loss of future net income all of which entitles the Plaintiff to recover the net

value of Micah's work life expectancy.

## IX.

### PUNITIVE/EXEMPLARY DAMAGES

The Plaintiff would show that the Defendant, Kansas City, its

employees/engineers/agents, at all material times relevant to allegations set forth in this

Complaint engaged in grossly negligent conduct rising to the level of reckless and

wanton disregard for the safety of Micah and the traveling public utilizing the subject

crossing.

WHEREFORE, PREMISES CONSIDERED, Shauna Pearline Ladner ("Shauna"), as

Executrix of the Estate of Micah Owen Ladner, and on behalf of the Wrongful Death

Beneficiaries of Micah Owen Ladner, Deceased, sues and demands judgment in the

amount of $2,500,000.00, actual/compensatory damages, and punitive damages in the

amount of $2,500,000.00 from The Kansas City Southern Railway Company together with

post-judgment interest and costs pursuant to *Fed. R. Civ. P 54 (d)(1).*

      **RESPECTFULLY SUBMITTED**, this the 22nd day of August, 2024.

PLAINTIFF

OWEN and OWEN, PLLC

BY:    /s/ JOE SAM OWEN

*JOE SAM OWEN, MS BAR #3965*
*MITCH L. OWEN, MS BAR #103895*
*Owen and OWEN, PLLC*
*Post Office Drawer 420*
*Gulfport, MS  39502*
*228/868-2821 – Telephone*
*228/864-6421 – Facsimile*
*jso@owen-owen.com*
*mlo@owen-owen.com*