IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SHAUNA PEARLINE LADNER,
**Executrix of the Estate of Micah Owen Ladner, deceased, and as Wrongful Death Beneficiary and on behalf of the minor children wrongful death beneficiaries S.L. and O.L.**                                    PLAINTIFFS

v.                                                                CAUSE NO. 1:24cv259-LG-BWR

**KANSAS CITY SOUTHERN RAILWAY COMPANY**                                            DEFENDANT

### ORDER REQUIRING PLAINTIFF TO FILE BRIEF CONCERNING SUBJECT MATTER JURISDICTION

Shauna Pearline Ladner, Executrix of the Estate of Micah Owen Ladner, deceased, and as wrongful death beneficiary and on behalf of the minor children wrongful death beneficiaries S.L. and O.L., filed this lawsuit on the basis of diversity jurisdiction on August 22, 2024.  After reviewing the record in this case, the Court has determined that Plaintiff has not provided sufficient information for the Court to determine whether there is complete diversity of citizenship.

Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).  Where jurisdiction is based on an allegation of diversity of citizenship, the citizenship of the parties must be "distinctly and affirmatively alleged." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.

1975)). The basis of jurisdiction cannot be established argumentatively or by mere inference. *Mullins v. Testamerica Inc.*, 300 F. App'x 259, 260 (5th Cir. 2008) (remanding where defendant's citizenship had not been sufficiently pleaded for diversity purposes).

Plaintiff states that she is seeking damages on behalf of her late husband's estate and on behalf of his wrongful death beneficiaries, which include herself and two minor children. The federal diversity jurisdiction statute provides that, in determining whether diversity jurisdiction exists, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same state as the decedent . . . ." 28 U.S.C. § 1332(c)(2). Therefore, to the extent that Plaintiff has filed this lawsuit on behalf of her husband's estate, his citizenship at the time of his death must be considered when evaluating diversity of citizenship.

While is it clear that § 1332(c)(2) applies to estate claims, "there has been conflict among the district courts over whether the statute applies to wrongful death actions." Charles Alan Wright & Arthur R. Miller, 13F Fed. Prac. & Proc. Juris. § 3640 (3d ed.) (collecting cases). District courts in the Fifth Circuit have generally held that the wrongful death beneficiaries' citizenship, instead of the decedent's citizenship, must be considered when analyzing diversity of citizenship. *See, e.g.*, *Webb v. Banquer*, 19 F. Supp. 2d 649, 652–53 (S.D. Miss. 1998) (holding that § 1332(c)(2) did not apply to wrongful death action brought by specified wrongful death beneficiaries under Miss. Code Ann. § 11-7-13); *Winn v. Panola-Harrison Elec. Co-op, Inc.*, 966 F. Supp. 481, 483 (E.D. Tex. 1997) (holding that

plain language of § 1332(c)(2) encompasses claims brought under the Texas survival statute, but not the Texas wrongful death statute); *Milton v. Lenoir,* No. 5:22cv58-DCB-RHWR, 2022 WL 4474176, at *3 (S.D. Miss. Sept. 26, 2022) (noting that the citizenship of wrongful death beneficiaries, not the citizenship of the decedent, is relevant for determining diversity of citizenship). Therefore, the citizenship of Plaintiff Shauna Pearline Ladner and the citizenship of the minor wrongful death beneficiaries, S.L. and O.L., must be considered. *See* 28 U.S.C. § 1331(c)(2) ("[T]he legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.").

The Complaint, which asserts both estate claims and wrongful death claims, alleges that Shauna Pearline Ladner is a citizen of Stone County, Mississippi, but it does not allege the citizenship of S.L., O.L., or the decedent, Micah Owen Ladner. [1 p. 1]. The Complaint further alleges that Defendant Kansas City Southern Railway Company is a Missouri corporation with its principal place of business in Missouri. *Id.* at 2.

Plaintiff is ordered to file a brief that addresses whether diversity of citizenship exists in this matter. As part of this analysis, she should provide the citizenship of the decedent at the time of his death and the citizenship of O.L. and S.L. as of the time that this lawsuit was filed. Plaintiff may provide additional documents as exhibits to the brief.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff must file a brief addressing whether this Court has subject matter jurisdiction over this lawsuit on or before **November 8, 2024**.

**SO ORDERED AND ADJUDGED** this the 1st day of November, 2024.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE